IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA E. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-329-M |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration (Commissioner) denying her application for supplemental security income benefits. United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. _____). Both parties have briefed their respective positions, and thus the matter is at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be affirmed.

**I. PROCEDURAL HISTORY**

Plaintiff filed her application for supplemental security income benefits on August 5, 2004, with a protective filing date of July 26, 2004, alleging that she became disabled on December 1, 1991, due to lupus, asthma, and arthritis. Tr. 45, 46-49, 56. The application was denied on initial consideration and on reconsideration at the administrative level. Tr.18, 19, 23-26, 29-31. Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on July 18, 2006. Tr. 32, 264-91.

Plaintiff appeared in person with an attorney, and offered testimony in support of her application.  Tr. 266, 268-83.  A vocational expert also appeared and testified at the request of the administrative law judge. Tr. 41-42, 284-90.  The administrative law judge issued his decision on September 8, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act and therefore was not entitled to supplemental security income benefits.  Tr. 9-11, 12-17.  The Appeals Council denied Plaintiff's request for review on January 18, 2007, and thus the decision of the administrative law judge became the final decision of the Commissioner.  Tr. 4-6.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.  The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight.  However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart,  365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted).  The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled.  Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant bears the burden of establishing a prima facie case of

2

disability at steps one through four.  Id. at 751 n. 2.  If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given her age, education, and work experience.  Id. at 751.

### III.  THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 416.920.  Tr. 12-13.  He first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 14.  At steps two and three, the administrative law judge found that Plaintiff suffered from musculoskeletal disorders and lupus, impairments that are severe but not severe enough either singly or in combination to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4.  Tr. 14-15.  At the fourth step of the sequential evaluation process, the administrative law judge found that Plaintiff had the residual functional capacity (RFC) for a full range of sedentary, light and medium work.  Tr. 15-16.  The administrative law judge found that while Plaintiff had performed work as a cashier and as a cleaner/housekeeper, her earnings record did not show earnings at the level of substantial gainful activity so he moved to Step 5.  Tr. 16, 17.  However, based upon the testimony of the vocational expert, the administrative law judge found at step five that there are a significant number of jobs in the national economy that someone with Plaintiff's residual functional capacity and vocational factors could perform, such as sandwich maker, cook's helper, greeter/host, office helper, stuffer and promotional button assembler.  Tr. 17.

Thus, the administrative law judge found that Plaintiff was not disabled and was not entitled to supplemental security income benefits. Tr. 17.

## IV. DISCUSSION

### A. ISSUES ON APPEAL

Plaintiff raises four issues on appeal.  First, she claims that the administrative law judge failed to properly evaluate the medical evidence by failing to provide sufficient rationale for discounting objective findings regarding her impairments.  Plaintiff's Brief, p. 3.  Second, she claims that she does not have the residual functional capacity (RFC) to perform work on a full-time basis.  Id. at 5.  Third, she contends that she does not have the RFC to perform her past relevant work.  Id. at 6.  Fourth and finally, she claims that the administrative law judge erred in his credibility analysis.  Id. at 7.

### 1. Evaluation of the Medical Evidence

As her first claim of error, Plaintiff contends that the administrative law judge did not properly evaluate the medical evidence because he did not provide specific, legitimate reasons for rejecting opinions and assessments regarding her physical impairments as identified in the medical evidence.  Id. at 3.  She points to evidence of arthritic changes in knees, right foot, and left heel, Id. (citing Tr. 118), a note that she experienced pain walking and was prescribed Lortab and prescribed a "light duty profile," Id. at 3-4 (citing Tr. 129, 131), and notes regarding central canal stenosis followed by laminectomy, diskectomy, foraminotomy, and lumbar fusion with fixation. Id. (citing Tr. 190-91, 205, 214). Id. at 4.

The Commissioner responds that Plaintiff's argument includes the fact that she was assigned a "light duty profile" despite the complaints of arthritic changes and complaints of pain, and that this is consistent with the administrative law judge's finding that she could perform sedentary and light work. Commissioner's Brief, p. 5. The Commissioner also argues that Plaintiff's *post*-operative medical records of her back impairment show that her pain was resolved, and that the administrative law judge discussed her MRI results after surgery showing only mild diffuse disc bulging without spinal stenosis. Id. The Commissioner argues that a mere diagnosis without evidence of disability is not dispositive, and continues that the Court need not comb through the record for other evidence where Plaintiff has failed to provide specific references tied to her argument regarding the administrative law judge's treatment of the medical evidence. Id. at 5-6. He urges that the evidence she has identified was consistent with the decision. Id. at 6. The undersigned agrees.

An administrative law judge is not required to discuss each item of evidence in the record, but it is also improper to pick and choose among medical reports, using portions of evidence favorable to his findings while ignoring evidence favorable to the claimant. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996); Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004). However, Plaintiff has pointed to no medical opinion contradicting the functional findings of the administrative law judge or otherwise establishing that she suffered from a disabling impairment. The administrative law judge's assessment that Plaintiff is capable of performing the requirements of sedentary or light work is supported by substantial evidence and is not overwhelmed by other

evidence of record, even in light of the medical records she has chosen to highlight. As the Commissioner contends, the medical record shows that Plaintiff's most significant disability in terms of functional impairment, that related to her back condition, was alleviated by her back surgery in September 2005. Commissioner's Brief, p. 5 (citing Tr. 192-94, 214). Plaintiff has pointed to nothing in the medical record after that point which is inconsistent with the findings of the administrative law judge.

**2. Whether Plaintiff has the RFC for Sustained Work**

Second, Plaintiff contends that the administrative law judge did not provide sufficient analysis to determine if she had the RFC to perform work on a full-time basis. Plaintiff's Brief, p. 5. She claims that the administrative law judge must discuss an individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis, and describe the maximum amount of each work-related activity the individual can perform. Id. She contends that a function-by-function evaluation is needed in order to arrive at an accurate RFC. Id.

The Commissioner responds that Plaintiff has failed to point to specific evidence showing limitations upon her ability to engage in full time work. Commissioner's Brief, p. 7. Moreover, the Commissioner argues that an RFC is, by definition, the ability to engage in full time work; therefore, the administrative law judge obviously made this finding as an adjunct to his RFC finding. Id. at 6. Once again, the undersigned agrees.

In assessing a claimant's RFC, the administrative law judge must consider the limiting effects of all impairments, even those that are not severe, and make specific findings. See 20 C.F.R. § 416.945(e); Winfrey v. Chater, 92 F.3d 1017, 1023-24 ( 10th Cir.

1996). The administrative law judge must explain his or her findings to ensure meaningful review. The pertinent social security ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e. g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (footnote omitted). Here, the administrative law judge found that Plaintiff could perform the "full range" of sedentary, light, and medium work – and was capable of lifting and carrying up to 50 pounds occasionally and 25 pounds frequently, as well as standing, walking, and sitting, "as needed." Tr. 15. Plaintiff has failed to point to anything in the record showing an inability to engage in sustained, full-time work, and her contention that the administrative law judge failed to engage in a "truly" thorough analysis is therefore conclusory in light of her failure to point to anything in the record that the administrative law judge overlooked or should have analyzed. The administrative law judge certainly could have stated with more specificity that "as needed" meant on a full-time basis, but such is clearly implied based upon both the context and the outcome of the decision. Without any indication showing any ambiguity in the decision or question as to whether full-time work was possible, the administrative law judge's failure to do so is nothing more than a deficiency in opinion-writing technique. See Benskin v. Bowen, 830 F.2d

878, 883 (8th Cir.1987) ("An arguable deficiency in opinion- writing technique is not a sufficient reason for setting aside an administrative finding where, as here, the deficiency probably had no practical effect on the outcome of the case.").

### 3. Whether Plaintiff has the RFC to Perform PRW

As her third claim of error, Plaintiff contends that the administrative law judge erred in concluding that she has the RFC to perform her past relevant work. Plaintiff's Brief, p. 6. The Commissioner responds that this decision was not concluded at step four, but that the administrative law judge continued to step five of the sequential analysis after finding that Plaintiff did not perform her past work at the substantial gainful activity level. Commissioner's Brief, p. 7. The undersigned agrees.

The administrative law judge clearly stated that "the claimant's earnings record does not show earnings at the level of substantial gainful activity, and for that reason, further consideration has been given the sequential evaluation process." Tr. 16. He then went on to Step 5 and found that Plaintiff could perform the jobs identified by the vocational expert in response to the administrative law judge's hypothetical question. Tr. 16-17, 285-86.

### 4. Credibility Analysis

Finally, Plaintiff contends that the administrative law judge erred in his credibility assessment. Plaintiff's Brief, p. 7. She claims that although the administrative law judge considered her subjective complaints, he cited to no medical evidence and did not provide a sufficient analysis of her pain. Id. at 7-8. She also claims that his evaluation

was not proper in light of the record as a whole and was based upon mistaken observations. Id. at 8.

The Commissioner responds that the relevant case law does not require a formalistic recitation of the evidence, and that the administrative law judge did set forth the specific evidence he relied upon in evaluating Plaintiff's credibility. Commissioner's Brief, p. 10. He also notes that the administrative law judge found that Plaintiff suffers from pain and discomfort associated with arthritis, but also found that her complaints of disabling pain were not fully credible. Id. at 8. He contends that an inability to work without pain is not a sufficient reason to find a claimant disabled, and that to be found disabling, pain must preclude all work activity. Id. at 8-9. The Commissioner claims that the administrative law judge considered Plaintiff's claims regarding asthma and lupus, side effects from medication, and her daily activities. Id. at 9-10. Thus, the Commissioner concludes, the administrative law judge's analysis fully satisfies the relevant case law. Id. at 10.

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." Social Security Ruling 96-7p, 1996 WL 374186, at *1. Such credibility determinations are peculiarly the province of the finder of fact, and they will not be upset on appellate review when they are supported by substantial evidence. Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990);

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir.1995) (same). Some of the factors that may be considered in assessing a claimant's credibility as to his subjective complaints include (1) his daily activities; (2) the location, duration, frequency, and intensity of his symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication he receives or has received for relief of symptoms; (5) treatment, other than medication, the claimant has received for relief of symptoms; and (6) any measures other than treatment the individual uses or has used to relieve symptoms. Kepler, 68 F.3d at 391; Social Security Ruling 96-7p, 1996 WL 374186, * 3; 20 C.F.R. §§ 416.929( c)(3); Luna v. Bowen, 834 F.2d 161, 164-66 (10th Cir. 1987). In assessing a claimant's credibility, an administrative law judge must state the evidence upon which he relies. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). He is not, however, required to undertake a factor- by-factor analysis and discuss every piece of evidence in the record. Id.

Here, the administrative law judge acknowledged the governing standard and then noted the following: although she has had some pain and discomfort associated with arthritis, she has remained capable of moving well enough to perform work; she has experienced some asthmatic symptoms, but has been able to breathe satisfactorily most of the time and a need to avoid all fumes has not been demonstrated; her lupus has been in remission for some time; no significant adverse side effects from medication have been shown; daily activities include washing dishes, doing laundry, cooking, watching television, taking care of personal needs, shopping, paying bills, reading, sewing, crocheting, and visiting. Tr. 15-16. Although the administrative law judge did not apply

or consider every <u>Kepler</u> factor, such is not required as he did link the factors he did apply to the evidence of record. <u>Qualls v. Apfel</u>, 206 F.3d at 1372 ("<u>Kepler</u> does not require a formalistic factor-by-factor recitation of the evidence. So long as the [administrative law judge] sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of <u>Kepler</u> are satisfied"). The administrative law judge found that while Plaintiff does have pain, the pain is not disabling. Accordingly, the undersigned finds Plaintiff's fourth claim of error to be without merit.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by October 18, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 28th day of September, 2007.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE